**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 19, 2019[*]
Decided March 18, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-1501

| | |
|---|---|
| FRANK L. SIMMONS,<br>*Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 C 5899 |
| ILLINOIS BELL TELEPHONE COMPANY, *et al.,*<br>*Defendants-Appellees.* | Rebecca R. Pallmeyer,<br>*Judge.* |

**O R D E R**

Frank Simmons, a former engineer at Illinois Bell Telephone Company, appeals the dismissal of his lawsuit asserting wrongful garnishment of his wages and racial discrimination in the workplace. We affirm.

In his original complaint, Simmons sued Illinois Bell, several of its employees, the Cook County Board, and his ex-wife. He raised two unrelated claims. First, he alleged that pursuant to a state-court garnishment order enforcing his child-support

---

[*] We agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

obligation, Illinois Bell's payroll department garnished his wages at an unlawfully high rate even after he drew the company's attention to the error. He also alleged that his ex-wife unlawfully accepted the surplus money from his garnished wages. Second, Simmons, who is black, alleged that his immediate supervisor at Illinois Bell made him work more hours than his white counterparts and refused to promote him because of his race in violation of Title VII, 42 U.S.C. § 2000e-2.

Simmons later amended his complaint, dropping Illinois Bell and the Cook County Board as defendants and adding AT&T (which owns Illinois Bell) and its CEO. The defendants moved to dismiss. The district court granted the motion and dismissed the case with prejudice. The judge first determined that the allegations regarding the child-support wage garnishments were matters for a state-court appeal rather than an independent federal lawsuit. The judge dismissed the Title VII claims against AT&T, its CEO, and Simmons's supervisor because they were not his employer.

Simmons's brief on appeal is mostly incoherent, and he does not develop any argument challenging the district court's ruling. That alone is grounds to dismiss the appeal. *See* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). Nevertheless, we discern two possible issues on appeal.

First, Simmons appears to believe that the judge ignored his contention that the wage garnishments were "fraudulent." If by this he means that the state court's order did not follow Illinois law, then the claim is blocked by the *Rooker-Feldman* doctrine, which bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). If instead he means that his employer did not properly follow the state court's order, then *Rooker-Feldman* does not apply but Simmons must seek relief for the noncompliance in state court. In any event, Simmons dropped Illinois Bell, his sole employer, as a defendant in his amended complaint. Finally, the "unlawful garnishment" claim is so unrelated to the Title VII claim that it does not "form part of the same case or controversy under Article III" as required for supplemental jurisdiction. 28 U.S.C. § 1367. For these alternative and independent reasons, the judge was right to dismiss the claim.

The judge also properly dismissed Simmons's Title VII claims because he did not sue his employer. To repeat, in his amended complaint, Simmons explicitly abandoned

his claim against Illinois Bell, his sole employer. None of the remaining defendants on this claim—neither AT&T, its CEO, nor Simmons's immediate supervisor—had the requisite control over Simmons to qualify as an employer within the meaning of the statute. *See Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 705–06 (7th Cir. 2015).

AFFIRMED